## COMMONWEALTH *vs.* CYNTHIA M. ARCHER.

No. 98-P-1747.

Suffolk. February 16, 2000. - April 28, 2000.

Present: BROWN, PORADA, & BECK, JJ.

*Common Night Walker. Selective Prosecution. Evidence,* Selective prosecution.

A District Court judge correctly denied a female defendant's motion to dismiss four complaints alleging she was a common night walker based on an assertion that she was selectively prosecuted, where the Commonwealth produced ample evidence to rebut any inference that police efforts to control prostitution unlawfully targeted women. [185-187]

COMPLAINTS received and sworn to in the Chelsea Division of the District Court Department on March 14, 1997, April 23, 1997, May 20, 1997, and October 6, 1997, respectively.

A motion to dismiss was heard by *Daniel Klubock,* J., and the cases were tried before him.

*Joshua R. Weinberger* for the defendant.

*Benjamin L. Apt,* Assistant District Attorney, for the Commonwealth.

BECK, J. Like the defendant in *Commonwealth* v. *Lafaso, ante* 179 (2000), Cynthia M. Archer filed a motion to dismiss four complaints for common night walking in violation of G. L. c. 272, § 53, on the ground that she was the victim of selective prosecution. A District Court judge denied her motion. We affirm.

In support of her claim, the defendant points to the undisputed facts that although Chelsea police officers arrested her and charged her with common night walking four times in 1997 — on March 14, April 23, May 19, and October 5 — they only arrested one of her customers (also referred to as "johns"), gave one a civil citation, warned another, and released two with no action at all. (There is some confusion in the transcript about the number of men in each category. For the purposes of this

opinion, we accept the defendant's version.) Even if we were to accept these facts as establishing a reasonable inference of selective prosecution, see *Commonwealth* v. *Franklin*, 376 Mass. 885, 894 (1978), the prosecution presented ample evidence to rebut the inference. *Id.* at 895.

Here, the prosecution introduced evidence to rebut the inference that the Chelsea police department has targeted women for prosecution in its effort to control prostitution. See *ibid.* Contrast *Commonwealth* v. *An Unnamed Defendant*, 22 Mass. App. Ct. 230, 232-233 (1986). First, there was evidence that the Chelsea police department conducted "john stings" with the participation of undercover female police officers. Officer Noftle estimated that, in the two stings in which he had participated in the last two years, between eighteen and twenty-four men had been arrested. Officer Leon participated in the arrests of over twenty men in a sting on October 5, 1997, the date of the defendant's last arrest.

Second, again unlike *Commonwealth* v. *An Unnamed Defendant, supra,* and *Commonwealth* v. *Lafaso, supra,* the prosecution had developed a policy for sanctioning johns and articulated a basis for making decisions about arresting johns. As the disposition of the defendant's customers suggests, the Chelsea police department uses warnings, citations for violations of a city ordinance against soliciting sex for a fee, as well as criminal complaints to discourage customers. The officers testified as to the factors they consider in deciding how to treat male clients of street walkers. Men with longer records are more likely to be arrested; those with minimal records are more likely to be cited for a violation of the city ordinance against soliciting, to receive a warning, or to have "nothing done." For example, "if . . . the gentleman has been warned a [number] of times, if his car was seen within an hour or two hour span, sometimes they just cruise around the block two, three, four times. If [the police] have warned the operator to leave the area and he came back," an arrest is more likely to ensue. If it is "questionable" whether the man was actually seeking sex for a fee, the police do not arrest.

The police use the same discretion in making decisions about women as well. In fact, there were many occasions when the police warned the defendant rather than arresting her. Indeed, on the night of the defendant's October 5 arrest, the defendant had been warned at least twice, perhaps as many as five times,

to stay out of the way of the "john sting" underway that evening, before the police finally arrested her.

Thus, even if the comparison between the defendant's four arrests and the arrest of only one of her johns could have suggested "that a broader class of persons than those prosecuted [had] violated the law," *Commonwealth* v. *Franklin*, 376 Mass. at 894, the Commonwealth rebutted any discriminatory inference. There was no error in the judge's denial of the defendant's motion to dismiss the complaints against her.

*Judgments affirmed.*